48808. CHEW CONSTRUCTION COMPANY, INC. v. OCONEE REST HOME, INC.

STOLZ, Judge. This case is an appeal from the grant of a partial summary judgment striking the plaintiff construction company's prayer seeking a special lien on the real estate upon which the

plaintiff had performed work and furnished material necessary to convert a former school building into a nursing home, and comes to this court via certificate for immediate review.

On July 29, 1968, the plaintiff, Chew Construction Co., Inc., entered into a contract with the defendant, Oconee Rest Home, Inc., to furnish the labor and materials necessary to convert a former school building into a nursing home. On the same date, the plaintiff entered into a similar contract with Washington County Redevelopment Corporation for the same purpose on the same building. On this date the defendant, Oconee, owned fee simple title to the premises. Both contracts provided that the work would be commenced within one month after financing was arranged, and completed within six months thereafter.

The defendant conveyed the premises to Washington County Redevelopment Corporation, on April 1, 1969. The trial judge found that, on March 17, 1970, the plaintiff filed its claim for lien against the defendant, in which it was recited that the claim of lien was filed within three months from completion of the contract and that thus the work was completed within the six-month time limit imposed by both contracts and thus must have commenced no earlier than mid-June, 1969. Thus, on the date work on the contract was begun, the defendant, Oconee, had already deeded the premises to Washington County Redevelopment Corporation and had no further interest in the premises. This conveyance passed title to Washington County Redevelopment Corporation, unencumbered by any claim of lien that may at some future time exist in the plaintiff's favor for materials furnished and work done on the premises. Since Washington County Redevelopment Corporation is not a party to this litigation, no lien can be placed on its property.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 15, 1974 — DECIDED JANUARY 25, 1974 — REHEARING DENIED FEBRUARY 6, 1974 —

*Eva L. Sloan,* for appellant.
*Thomas A. Hutcheson,* for appellee.